UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DENNIS PETILLO, JR., | Case No. 2:24-cv-0421-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner proceeding *pro se*, brings this action against various supervisory defendants at California State Prison – Sacramento.[1] ECF No. 11 at 2. His amended complaint is incomprehensible and, thus, fails to state a cognizable claim against any defendant. Additionally, although plaintiff was previously granted permission to proceed *in forma pauperis*, ECF No. 7, it appears he is a three striker within the meaning of the Prison Litigation Reform Act.[2] He must

---

[1] Plaintiff has filed two separate amended complaints. ECF Nos. 10 & 11. This screening order considers only the latter complaint. I have reviewed both filings, however, and the fundamental deficiencies discussed in this screening order exist in both complaints.

[2] Plaintiff has had at least three cases dismissed for failure to state a claim: (1) *Petillo v. Federal Bureau of Investigation*, Civil Case No. 2:20-cv-07900-JFW-MAA (C.D. Cal. Sept. 30, 2020); (2) *Petillo v. CDCR, et al.*, Civil Case No. 2:20-cv-11004-JFW-MAA (C.D. Cal. Jan. 6, 2021); (3) *Petillo v. Zuniga*, Civil Case No. 2:21-cv-00535-JFW-MAA (C.D. Cal. Jan. 21, 2021). Plaintiff's complaint, for the reasons stated below, is unintelligible and he has not made a

1

explain why, despite that status, he should still be allowed to proceed *in forma pauperis*.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

---

showing that he fits into the imminent danger exception.

## II.     Analysis

Despite my best efforts, I cannot understand the allegations in plaintiff's amended complaint.  He begins by alleging that defendants have violated his Eighth Amendment rights, but on the complaint form he has also checked boxes indicating that the claims concern excessive force, medical care, property, retaliation, basic necessities, and his mail.  ECF No. 11 at 3.  The actual substance of the allegations are impossible to make out.  In the margins of attached pages, plaintiff mentions various government agencies, including the Federal Bureau of Investigation, the National Security Agency, the Central Intelligence Agency.  *Id.* at 5.  He also mentions several news outlets and references an exorcism.  *Id.*  None of these references is sufficiently explained, and the complaint cannot proceed as drafted.

Plaintiff may file an amended complaint that intelligibly explains the basis of his claims.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If he fails to do so within the deadline, I will recommend that claims be dropped so that only related ones remain.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 11, is dismissed with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff must explain, either in his amended complaint or a separate filing, why he should be allowed to proceed *in forma pauperis* despite his status as a three striker.

IT IS SO ORDERED.

Dated:   November 18, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE