1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS PETILLO, JR.,                    Case No.  2:24-cv-0421-JDP (P)

12              Plaintiff,

13       v.                                  ORDER; FINDINGS AND
                                             RECOMMENDATIONS
14   JEFF LYNCH, *et al.*,

15              Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, brings this action against various supervisory

18   defendants at California State Prison – Sacramento.  ECF No. 13.  I screened his original

19   complaint and dismissed it because it was incomprehensible, and I also granted his application to

20   proceed *in forma pauperis*.  ECF No. 7.  Plaintiff filed amended complaints, ECF Nos. 10 & 11,

21   which I also screened and dismissed because they were unintelligible.  ECF No. 12 at 3.[1]  After

22   review of plaintiff's second amended complaint, I recommend that it be dismissed without leave

23   to amend for failure to state a claim.

24   _____

25          [1] I also informed plaintiff that he was a "three-striker" under the Prison Litigation Reform
     Act, and instructed him to explain why, despite this status, he should be allowed to proceed *in*
26   *forma pauperis*.  ECF No. 12 at 1-2.  Plaintiff has had at least three cases dismissed for failure to
     state a claim: (1) *Petillo v. Federal Bureau of Investigation*, No. 2:20-cv-07900-JFW-MAA (C.D.
27   Cal. Sept. 30, 2020); (2) *Petillo v. CDCR*, No. 2:20-cv-11004-JFW-MAA (C.D. Cal. Jan. 6,
     2021); (3) *Petillo v. Zuniga*, No. 2:21-cv-00535-JFW-MAA (C.D. Cal. Jan. 21, 2021).  Plaintiff
28   fails to address this issue in his second amended complaint.  *See* ECF No. 13.

                                                  1

1  **Screening and Pleading Requirements**

2      A federal court must screen the complaint of any claimant seeking permission to proceed

3  *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

4  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

5  which relief may be granted, or seeks monetary relief from a defendant who is immune from such

6  relief.  *Id.*

7      A complaint must contain a short and plain statement that plaintiff is entitled to relief,

8  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

9  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

10  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

11  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

12  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

13  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

14  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

15  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

16  n.2 (9th Cir. 2006) (en banc) (citations omitted).

17      The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

18  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

19  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

20  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

21  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

22  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

23  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

24  **Analysis**

25      Plaintiff's second amended complaint remains incomprehensible.  Plaintiff purports to

26  bring Eighth and Fourteenth Amendment claims based on threats to his safety and excessive

27  force, but his allegations are illegible.  ECF No. 13 at 3-4.  Plaintiff's allegations mention

28  terroristic threats, staff misconduct, deprivation of property, and equal protection, but these

1  phrases are intermingled between sentences referencing slavery, Malcolm X, poetry, and Dianne

2  Feinstein. *See id.* The exhibits plaintiff attached to his second amended complaint do not help

3  illuminate his purported claims. *See generally id.* at 6-8; *see also* ECF No. 15. In some exhibits,

4  plaintiff mentions deliberate indifference to medical needs, and that a doctor was disrespectful to

5  him, but he makes no additional intelligible allegations related to this potential claim. *See* ECF

6  No. 13 at 6-8. In other exhibits, plaintiff states that he suffered from torture, discrimination, and

7  prejudice, but gives no factual support for these allegations and moves to talking about witchcraft

8  and mind control. *See* ECF No. 15. None of plaintiff's references is sufficiently explained, and

9  the second amended complaint cannot proceed as drafted. Plaintiff has been given numerous

10  opportunities to cure the deficiencies in his complaint, and it does not appear that further

11  amendments would be fruitful. As such, I recommend plaintiff's second amended complaint be

12  dismissed without leave to amend. *See Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.

13  1988) (per curiam) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

14  absolutely clear that the deficiencies of the complaint could not be cured by amendment.")

15  (internal quotation marks and citations omitted).

16      Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge

17  to this action.

18      Further, it is RECOMMENDED that plaintiff's second amended complaint, ECF No. 13,

19  be DISMISSED without leave to amend and the Clerk of Court be directed to close this action.

20      These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

22  after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties. Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

25  objections shall be served and filed within fourteen days after service of the objections. The

26  parties are advised that failure to file objections within the specified time may waive the right to

27  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

28  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

1

2    IT IS SO ORDERED.

3

4    Dated:    April 15, 2025

      JEREMY D. PETERSON
5                                         UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4